BARTHOLOMEW, DEMANDANTE Y APELADO, *v.* ALLEN ET AL., DEMANDADO, INTERVENTORA Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre otorgamiento de escritura.

No. 1467.—Resuelto en julio 19, 1916.

MATRIMONIO—LEYES QUE REGULAN LOS DERECHOS Y DEBERES ENTRE LOS ESPO-SOS—SOCIEDAD DE GANANCIALES—DERECHO INTERNACIONAL PRIVADO.—Las leyes del Estado donde se contrae el matrimonio son las que regulan los derechos y deberes entre los esposos, principio que también establece el Código Civil en su artículo 9 para los ciudadanos de Puerto Rico aunque residan en país extranjero, y el hecho de adquirir bienes inmuebles en un Estado donde se reconoce la sociedad de gananciales entre los esposos no crea entre ellos esa sociedad si en el Estado donde se casaron no existe.

ID. — LEYES DE NEW YORK — BIENES PRIVATIVOS — ENAJENACIÓN — CONSENTI-MIENTO.—No existiendo la sociedad de gananciales en el Estado de New York donde el demandado y la interventora en este caso contrajeron matrimonio y en donde todo lo que adquiere el marido durante él le pertenece, a menos que no sea bien privativo de la mujer, bienes inmuebles adquiridos por el marido en Puerto Rico con dinero suyo, son de su exclusiva propiedad y para enaje-

narlos no necesita el consentimiento de su consorte, no siendo de aplicación el artículo 1322 del Código Civil porque desaparece la presunción de gananciales.

Los hechos están expresados en la opinión.

Abogado del demandado apelante: *Sr. Frank Antonsanti.*

Abogado de la interventora apelante: *Sr. Salvador Suau.*

Abogados del demandante apelado: *Sres. Muñoz & Brown.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Habiéndose casado John W. Allen con Sarah T. Allen en el Estado de New York donde, según convenio de las partes en este pleito, no se reconoce la sociedad de gananciales en el matrimonio y donde todos los bienes que durante él adquiere el marido, que no sean privativos de la mujer, son de la propiedad del esposo y de su libre disposición, compró posteriormente varias fincas rústicas en esta isla las que después se comprometió a vender a Tracy Bartholomew. Demandado por éste John W. Allen para que lleve a efecto el compromiso de venta que le hizo y dictada sentencia condenatoria, la única cuestión propuesta por la esposa interventora tanto en el tribunal inferior como en éste es si la venta o el compromiso de venta hecho por su marido es válido a pesar de no haber obtenido su consentimiento, toda vez que se trata de bienes inmuebles adquiridos durante el matrimonio y radicados en esta isla donde para enajenarlos se necesita el consentimiento expreso de ambos cónyuges.

Si las compras de esas fincas pertenecen a la sociedad de gananciales de los esposos Allen entonces no habría duda de que aunque en el Estado de Nueva York, en el cual se casaron, tenga el marido la administración y libre disposición de los bienes pertenecientes a la sociedad conyugal sería necesario que para vender bienes inmuebles radicados en Puerto Rico obtuviera el consentimiento de su esposa, de acuerdo con los principios establecidos en los casos de *Amadeo* v. *El Registrador,* 3 D. P. R. 262 (2ª. Ed., pág. 141) y de *Colón* v. *El Registrador,* 22 D. D. R. 376.

Pero la cuestión aquí no es esa sino la de si las compras hechas por John W. Allen le pertenecen exclusivamente dado que nuestro Código Civil en su artículo 1322 reputa gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer.

Como está aceptado que en el Estado de New York donde se casaron los esposos Allen no existe la sociedad de gananciales en el matrimonio y que todo lo que el marido adquiere durante él le pertenece, tenemos que llegar a la conclusión de que se ha probado que las fincas en cuestión son de la exclusiva propiedad del marido porque fueron compradas con dinero suyo y por tanto puede disponer de ellas sin el consentimiento de su consorte. Las leyes del Estado donde se contrae el matrimonio son las que regulan los derechos y deberes entre los esposos, principio que también establece nuestro Código Civil en su artículo 9 para los ciudadanos de Puerto Rico, aunque residan en países extranjeros, y el hecho de adquirir bienes inmuebles en un Estado donde se reconoce la sociedad de gananciales entre los esposos no crea entre ellos esa sociedad si en el Estado donde se casaron no existe.

Inspirado en estos principios este tribunal declaró en 1904 en el caso de *Antongiorgi* v. *El Registrador,* 6 D. P. R. 492 (2ª. Edición, pág. 239) en un caso igual al presente, que es un principio de derecho internacional privado, admitido por la jurisprudencia de los tribunales y especialmente sancionado por el artículo 9 del Código Civil, que la ley personal del individuo es la del país a que pertenece, la que le sigue donde quiera que se traslade, regulando sus derechos personales, su capacidad para transmitir por actos *inter vivos* o *mortis causae* y el régimen de su matrimonio y familia y que aplicando esa doctrina, un ciudadano de cualquier Estado, donde no se halle establecida la sociedad de gananciales, tiene perfecta capacidad para otorgar en Puerto Rico un contrato de venta de finca rústica, adquirida durante el matrimonio,

sin que por ello infrinja ley o precepto alguno vigente en esta isla referente a la enajenación de bienes inmuebles.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.